Michael TRUPEI, Petitioner–Appellant,

v.

Harvey G. LAPPIN, Director of Federal Bureau of Prisons (BOP), Walt Wells, Warden at "CCA", Respondents–Appellees.

No. 09–10905

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 31, 2009.

Michael Trupei, McRae, GA, pro se.

James C. Stuchell, Amy Lee Copeland, U.S. Attorney's Office, Savannah, GA, for Petitioner–Appellant.

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Michael Trupei appeals the dismissal of his *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, which dismissal was based on Trupei's failure to demonstrate that his petition was proper under the "savings clause" of 28 U.S.C. § 2255. Trupei argues that the district court erred in dismissing his § 2241 petition because the newly discovered evidence supporting his claim of innocence could not be used to support his prior § 2255 motion, which Trupei asserts makes § 2255 "inadequate" for the relief he now seeks.

The availability of habeas relief under § 2241 presents a question of law we re-

view *de novo. Darby v. Hawk–Sawyer,* 405 F.3d 942, 944 (11th Cir.2005).

We explained the interplay and distinctions between § 2241 petitions and § 2255 motions at length in *Darby:*

> The "savings clause" of § 2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act's (AEDPA's), Pub. L. No. 104–132, 110 Stat. 1214 (1996), restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241. *Wofford v. Scott,* 177 F.3d 1236, 1245 (11th Cir.1999). The savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised." *Id.* at 1244.

405 F.3d at 944–945 (emphasis added); *see also Flint v. Jordan,* 514 F.3d 1165, 1168 (11th Cir.) (holding that the failure to meet the first prong of the savings clause analysis—a retroactively applicable Supreme Court decision—ends the inquiry), *cert. denied,* —— U.S. ——, 129 S.Ct. 222, 172 L.Ed.2d 167 (2008); *Wofford,* 177 F.3d at 1244 n. 3 ("Once the savings clause of § 2255 opens the portal to a § 2241 pro-

ceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted[.]").

After reviewing the record and reading the parties' briefs, we conclude that the district court did not err in dismissing Trupei's § 2241 petition on the record before it. Nowhere in his petition, his briefing in the district court, or in his appellate brief does Trupei cite a retroactive Supreme Court decision that applies to his claim. Rather, Trupei merely asserts that his discovery of new evidence to support his claim of innocence makes § 2255 inadequate or ineffective. This does not meet the applicable standard. *Darby,* 405 F.3d at 945. Trupei has therefore failed to meet the first prong of the savings clause test, which ends our inquiry. *Flint,* 514 F.3d at 1168. Accordingly, we affirm the judgment of dismissal.

Upon review of the record and consideration of the parties' briefs, we affirm the dismissal.

**AFFIRMED.**